Lillian **RYER** and Alfred **Ryer**, Plaintiffs,

v.

**HARRISBURG KOHL BROTHERS, INC.,** Landau Auto Leasing, Inc. and Harold F. Mohn, Defendants,

and

**Potomac Insurance Company, Intervenor.**

No. 68 Civ. 3480.

United States District Court
S. D. New York, C. D.

Sept. 8, 1969.

---

Bert W. Subin, New York City, for plaintiffs.

Whalen, O'Neill & Pillon, New York City, for defendants Harrisburg Kohl Brothers, Inc. and Harold F. Mohn and intervenor.

## OPINION

LASKER, District Judge.

This is a motion pursuant to 28 U.S.C. § 1404(a) to transfer this action to the Middle District of Pennsylvania. Defendants, the moving party, contend that the case should be transferred because the key witnesses and the largest number of witnesses reside in Pennsylvania and the accident occurred there. Plaintiffs, in opposition, state that New York is the proper forum because chosen by the plaintiffs, because some of plaintiffs' medical witnesses reside in New York, and because the health of plaintiff Lillian Ryer is frail.

Plaintiffs, New York residents, seek to recover for personal and property damages resulting from an automobile accident occurring on August 11, 1967, in Elizabeth Township, Pennsylvania. Defendants Harrisburg Kohl Brothers, Inc. and Landau Auto Leasing, Inc. are Pennsylvania corporations. Defendant Mohn, a Pennsylvania resident, was the operator of the vehicle leased by Kohn Brothers from Landau Auto Leasing. Jurisdiction is based upon diversity of citizenship.

It is undisputed that Mohn was driving easterly on Route 322 when his vehicle came into contact with a sedan owned and operated by plaintiff Alfred Ryer. The latter vehicle was proceeding northerly on Route 501. The accident, which occurred at the intersection of Routes 322 and 501, involved two other parked vehicles as well. The Pennsylvania state trooper who investigated the accident issued a summons to plaintiff Alfred Ryer, charging that he failed to stop for a traffic signal, and issued a summons to defendant Mohn, charging excessive speed and reckless driving. Mohn was later found to have been not guilty of these violations before the Court of Quarter Sessions of Lancaster County, Pennsylvania. As a result of the accident, Lillian Ryer was taken to Lancaster General Hospital in Lancaster, Pennsylvania, where she was confined for five weeks.

This action was originally instituted in the Supreme Court of New York, Bronx County, and was thereafter removed to this court. Jurisdiction was obtained by the attachment of an automobile insurance policy which Potomac Insurance Company had issued to Kohl Brothers, pursuant to the procedure authorized by the New York State Court of Appeals in Seider v. Roth, 17 N.Y.2d 111, 269 N.Y.S. 2d 99, 216 N.E.2d 312 (1966), and Simpson v. Loehmann, 21 N.Y.2d 305, 287 N.Y.S.2d 633, 234 N.E.2d 669 (1967), motion for reargument denied 21 N.Y.2d 990, 290 N.Y.S.2d 914, 238 N.E.2d 319 (1968).

\* \* \* \* \* \*

28 U.S.C. § 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The instant motion, brought under this section, thus raises two basic issues: first, whether the Middle District of Pennsylvania is a district where the action "might have been brought"; and second, whether the convenience of parties and witnesses and the interest of justice would best be served by a transfer to that district.

The present action could clearly have been brought in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(a), since

"A civil action wherein jurisdiction is founded only on diversity of citizen-

ship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose."

The defendants, of course, are all Pennsylvania residents and the action arose there.

*The Convenience of Parties and Witnesses and the Interest of Justice*

■ Criteria under Section 1404(a) as to the convenience of witnesses and the interest of justice are broader than those applicable under the older doctrine of forum non conveniens. Norwood v. Kirkpatrick, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955). The determinative factors were summarized in United States v. General Motors Corp., 183 F. Supp. 858, 860 (S.D.N.Y., 1960):

"The principal desiderata are: relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; cost of obtaining attendance of witnesses; possibility of a view, if appropriate; and all other practical problems that would make the trial of a case easy, expeditious and inexpensive. In appraising the factors of public interest, it is also appropriate to give some consideration to the relative state of trial calendar congestion in the districts involved."

■ The movants here have the burden of proof that a transfer would be "for the convenience of parties and witnesses, in the interest of justice." Ford Motor Co. v. Ryan, 182 F.2d 329, 330 (2d Cir., 1950); Rosette v. Crown Record Co., 266 F.Supp. 393, 396 (S.D.N.Y., 1965). Of course, a mere showing of inconvenience to the defendant will not carry the burden where a transfer would only shift the inconvenience to the plaintiff. Scaramuzzo v. American Flyers Airline Corp., 260 F.Supp. 746 (E.D.N.Y., 1966).

The cases generally accord substantial weight to the plaintiff's choice of forum. Zorn v. Anderson, 263 F.Supp. 745, 749 (S.D.N.Y., 1966); Oil & Gas Ventures

v. Kung, 250 F.Supp. 744 (S.D.N.Y., 1966).

■■ As the Supreme Court stated in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947):

"* * * unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

This presumption in favor of the plaintiff's choice of forum is not so rigidly applied, however, in a situation where the cause of action sued upon arose outside of that forum. As the court stated in Fitzgerald v. Central Gulf Steamship Corp., 292 F.Supp. 847, 849 (E.D.Pa., 1968):

"* * * where none of the operative facts of the action occur in the forum selected by the plaintiff, his choice of that forum certainly is entitled to less weight than is ordinarily the case."

This is especially true in a case where jurisdiction was originally obtained by attachment of an insurance policy issued by a company doing business in the State of New York, pursuant to the method approved of in Seider v. Roth, supra. This view of the matter appears consistent with the observation in Minichiello v. Rosenberg, 410 F.2d 106, at p. 119 (2d Cir., 1969), that

"* * * the salutary provision of 28 U.S.C. § 1404(a) that 'for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought'" "mitigates some of the many undesirable practical consequences of *Seider*."

Plaintiff's choice of forum should not predominate here since this is essentially a Pennsylvania case and "it was possible to bring it in New York only because of the coincidence that defendant's insurance company has an office here." Jarvik v. Magic Mountain Corp., 290 F.Supp. 998, 1000 (S.D.N.Y., 1968).

■ A consideration of the convenience of witnesses in this case militates strongly in favor of transfer. For purposes of a Section 1404(a) motion, a determination of the location of the majority of material witnesses is of significant importance. Gallen v. Howard D. Johnson Co., 271 F.Supp. 680 (S.D.N.Y., 1967). As the court stated in Anthony v. RKO Radio Pictures, Inc., 103 F.Supp. 56, 57 (S.D.N.Y., 1951):

"In the determination of the question whether a transfer shall be ordered, a factor of considerable importance is the number of witnesses each party is likely to call who are capable of testifying as to determinative issues in the case."

Defendants' list of proposed witnesses indicates that they are all residents of the Commonwealth of Pennsylvania. Since they were all either eyewitnesses to the circumstances of the accident, or came upon the scene shortly thereafter, their proposed testimony must be regarded as highly relevant and material to the determination of this litigation. Since the Pennsylvania state trooper listed by defendants was not an eyewitness to the accident, "the materiality and relevancy of his testimony is somewhat attenuated." Toti v. Plymouth Bus Co., 281 F.Supp. 897, 898 (S.D.N.Y., 1968). Nevertheless, the defendants have amply sustained their burden in regard to proposed witnesses. As stated in Peyser v. General Motors Corp., 158 F.Supp. 526, 529 (S.D.N.Y., 1958):

"* * * more is required of the movant than the mere assertion that it may call a designated number of witnesses at the trial. Of greater importance to a judge * * * is the materiality of the matter to which these witnesses will testify."

The witnesses described above, residents of Pennsylvania, are beyond the subpoena power of this court. None of the parties involved in this litigation controls any of the witnesses, and the court must regard their attendance at a trial held in this forum as being uncertain. Since the trier of fact will apparently be faced with a difficult question of liability, live testimony from the mouths of these witnesses is to be preferred to testimony by deposition. As the Supreme Court stated in Gulf Oil Corp. v. Gilbert, supra, 330 U.S. at 511, 67 S.Ct. at 844:

"Certainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants."

See also Schneider v. Sears, 265 F.Supp. 257, 263 (S.D.N.Y., 1967); Oil & Gas Ventures v. Kung, supra, 250 F.Supp., at 756; Axe-Houghton Fund A, Inc. v. Atlantic Research Corp., 227 F.Supp. 521, 524 (S.D.N.Y., 1964).

While the witnesses on the liability issue are all Pennsylvania residents except for the plaintiffs and one witness who has moved to New York since the accident, medical witnesses on the issue of damages reside both in Pennsylvania and New York. Since Mrs. Ryer was hospitalized for five weeks in the Lancaster General Hospital, the physicians who treated her there are, of course, competent to testify as to her physical condition during the period immediately after the accident. Upon her return to New York, medical treatment was continued. While plaintiffs in their opposing papers stress the inconvenience of a Pennsylvania trial to the New York physicians, there is no reason why their convenience should be given more weight than that of the Pennsylvania physicians. Plaintiffs have stated no basis for making a distinction as to the relative professional convenience of the New York and Pennsylvania doctors. Beyond that, "it is not controlling that plaintiff's medical witnesses are in New York." Willetts v. General Telephone Directory Co., 38 F.R.D. 406, 411 (S.D.N.Y., 1965). See also Ross v. Tioga General Hospital, 293 F.Supp. 209, 210 (S.D.N.Y., 1968).

Plaintiffs contend that the proof developed to date clearly indicates the lia-

bility of the defendants, and that therefore the case should be tried in the forum in which the matter of damages can be most thoroughly developed. Assuming arguendo that damages can be more authoritatively established by New York witnesses—although the proposition is far from certain—nevertheless the record does not support the plaintiffs' contention that the issue of liability is clearcut. To the contrary, although obviously no ruling is made on the subject in this context, it is nevertheless true that the transcript of the hearing on the reckless driving charge against defendant Mohn indicates a difficult question as to who was responsible for the accident.

 It is concluded, therefore, that here live testimony on the liability issue is more critical than on the damage issue, the latter being more susceptible to nonverbal presentation. In a case where the question of liability is close and concurrent negligence may be present, the court must consider the convenience of the witnesses on the liability issue as being of paramount importance.

Since there will be a difficult question of liability to be determined by the trier of fact, a view of the accident scene might also prove to be useful. Furthermore, a jury comprised of residents of the area will be more familiar with the portion of highway in question and local driving conditions than would a jury comprised of New York residents.

Plaintiffs, in opposing the motion, claim that the true reason defendants seek to transfer the case is to avail themselves of allegedly more favorable law in Pennsylvania. This argument is devoid of force under the holding of Van Dusen v. Barrack, 376 U.S. 612, 639, 84 S.Ct. 805, 821, 11 L.Ed.2d 945 (1964):

"We conclude, * * *, that in cases such as the present, where the defendants seek transfer, the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue. A change of venue under § 1404(a) generally should be, with

respect to state law, but a change of courtrooms."

Plaintiffs further contend that it would be an undue burden to require Mrs. Ryer to travel to Pennsylvania in her physical condition. Defendants have submitted an unopposed affidavit to the effect that Mrs. Ryer is able to move about and accomplish her everyday chores. Since it thus appears that Mrs. Ryer's current condition would not preclude her attendance at a trial in Pennsylvania, the transfer should not be prevented because of her health. See Mills v. Colgate-Palmolive Company, 232 F. Supp. 577 (S.D.N.Y., 1964).

Since the Middle District of Pennsylvania is a district in which the action might have been brought, and since the convenience of parties and witnesses and the interest of justice will be served by a transfer of the action to the Middle District of Pennsylvania, the motion is granted.

Settle order on notice.