Brian M. DWYER, As Personal Representative of the Estate of Victor Lytle Ridder, deceased, and on behalf of his surviving next of kin, including his children Victor Ridder, Karen Ridder, Kristin Ridder, Maureen Ridder, Mark Ridder, and

Brian M. Dwyer, As Personal Representative of the Estate of Mary Jane Ridder, deceased, and on behalf of her surviving next of kin, including her children Victor Ridder, Karen Ridder, Kristin Ridder, Maureen Ridder and Mark Ridder, Plaintiffs,

v.

GENERAL MOTORS CORPORATION, a foreign corporation, Defendant.

No. 93 Civ. 6933 (CBM).

United States District Court, S.D. New York.

April 5, 1994.

Kreindler & Kreindler, New York City by Francis G. Fleming, Michael Le Strange, for plaintiffs.

Piper & Marbury, New York City by Joel Dewey, Diane C. McEnroe, for defendant.

## OPINION

MOTLEY, District Judge:

This is a products liability action brought by Brian Dwyer as personal representative of the estates of Victor Lytle Ridder and Mary Jane Ridder, and on behalf of their surviving next of kin, including their children, against General Motors Corporation, ("GM"), for damages based on theories of negligence, strict liability and breach of warranty. GM now moves this court for an order pursuant to 28 U.S.C. @ 1404(a) transferring this action to the United States District Court for the District of Maryland. For the reasons stated below, the defendant's motion is denied.

## BACKGROUND

The plaintiffs and decedents are and were residents of the state of New York. The defendant, GM, is a Delaware corporation with its principal place of business in the state of Michigan. GM does business in both Maryland and New York.

On October 6, 1991, decedents Victor Lytle Ridder and his wife, Mary Jane Ridder, were traveling northbound on Maryland Interstate 295 in the Linthicum area of Anne Arundel County, Maryland. Mr. Ridder was operating a 1989 Lincoln Continental 4–door and Mrs. Ridder was a passenger in the front seat of the vehicle. Eric David Stickland was traveling southbound on Interstate 295 in a 1987 Chevrolet Celebrity Eurosport 4–door hardtop. At some point in time, Mr. Stickland's vehicle crossed the median strip, entered the northbound lanes and collided with the Ridder's vehicle.

Mr. Ridder was declared dead at the scene of the accident. Mrs. Ridder was taken to the University of Maryland Hospital's Shock Trauma Center, located in Baltimore, to be treated for severe injuries, but died shortly after her arrival. Eric Stickland also sustained serious injuries but survived the accident. The plaintiffs claim that GM's alleged negligence, strict liability and breach of warranty entitle them to wrongful death and survival damages in the amount of $10,000,-000.

## DISCUSSION

Title 28, @ 1404(a) of the United States code provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A "district or division where it might have been brought" has been interpreted to mean a

district where venue might have been proper and where the defendant would have been subject to process. *Hoffman v. Blaski*, 363 U.S. 335, 344, 80 S.Ct. 1084, 1090, 4 L.Ed.2d 1254 (1960). The purpose of section 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense....'" *Hernandez v. Graebel Van Lines*, 761 F.Supp. 983, 986 (E.D.N.Y.1991) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964)).

"Motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equipment Corp.*, 980 F.2d 110, 117 (2d Cir.1992) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2243, 101 L.Ed.2d 22 (1988)). The burden of demonstrating the propriety of a transfer lies with the moving party. *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Arrow Electronics, Inc. v. Ducommun Inc.*, 724 F.Supp. 264, 265 (S.D.N.Y.1989) (quoting *Morales v. Navieras De Puerto Rico*, 713 F.Supp. 711, 712 (S.D.N.Y.1989)). Accordingly, "[t]he moving party must make a clear-cut showing that a transfer is in the best interests of the litigation." *Schieffelin & Co. v. Jack Co. of Boca, Inc.*, 725 F.Supp. 1314, 1321 (S.D.N.Y. 1989).

Relevant factors for the Court to consider in making this decision include: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the weight accorded to plaintiff's choice of forum; (6) a forums' familiarity with the governing law; (7) trial efficiency and (8) the interest of justice. *See, e.g., Berry v. New York State Dept. of Correctional Services*, 808 F.Supp. 1106, 1110 (S.D.N.Y. 1992) (quoting *Brierwood Shoe Corp. v. Sears Roebuck*, 479 F.Supp. 563, 565 (S.D.N.Y. 1979)); *Gibbs & Hill, Inc. v. Harbert Int'l, Inc.*, 745 F.Supp. 993, 996 (S.D.N.Y.1990); *Schieffelin & Co.*, 725 F.Supp. at 1321; *Tur-*

*ner v. Hudson Transit Lines, Inc.*, 724 F.Supp. 242, 243 (S.D.N.Y.1989); *Schneider v. Sears*, 265 F.Supp. 257, 263 (S.D.N.Y. 1967).

I. Is Venue Proper in the District of Maryland.

In addressing a transfer motion, the threshold question is whether the action could have been brought in the proposed transferee district. *Arrow Electronics*, 724 F.Supp. at 265. 28 U.S.C. @ 1391(a) provides that in a diversity action, venue is proper in a judicial district (1) where any defendant resides if all defendants reside in the same state, (2) where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) in which defendants are subject to personal jurisdiction at the time the action is commenced. The accident took place on a Maryland highway. Therefore, the action could have been brought in Maryland, a district where a substantial part of the events or omissions giving rise to the claim occurred.

Having determined that venue would be proper in the District of Maryland, the court will now address the question of whether a transfer would be in the best interests of the litigation.

II. Convenience of Witnesses and Parties.

The convenience of parties and witnesses is generally the most important factor in a court's determination of whether to grant a motion for transfer. *Arrow Electronics*, 724 F.Supp. at 265 (citing *Nieves v. American Airlines*, 700 F.Supp. 769 (S.D.N.Y.1988)).

A. Witnesses.

Defendant argues that since its proposed witnesses, including the sole survivor of the accident, most of the eye witnesses to the accident and all medical personnel, investigating officers and insurance investigators involved in the accident, are located in Maryland and will provide crucial information for the defense, the case should be transferred

to Maryland. Plaintiffs, on the other hand, claim that most of the witnesses on the issue of damages reside in New York and that expert witnesses will be providing the critical testimony for the determination of liability.

■ Defendant lists several prospective Maryland witnesses. However, it is not the number of prospective witnesses that determines the appropriateness of a transfer but, rather, the materiality of their anticipated testimony. *Catalano v. BRI, Inc.,* 724 F.Supp. 1580, 1584 (E.D.Mich.1989). Police reports and statements of eye witnesses indicate that it was the vehicle being driven by Eric Stickland that crossed the median strip into the northbound lanes causing the collision. Since the factual setting of the accident is not in dispute, it would not be harmful to the defendant's case if the witnesses who would testify to Stickland's fault were unavailable or unwilling to appear at this trial and, therefore, have their testimony presented to the jury by way of deposition.

In addition, it seems clear that the accident was the cause of the Ridder's injuries and deaths. Mr. Ridder was declared dead at the scene of the accident. Mrs. Ridder died shortly after being treated for critical injuries sustained in the accident. Accordingly, the materiality of the testimony of medical personnel is not apparent.

This is a product liability action which would necessitate the testimony of expert witnesses to determine liability. In light of the fact that the defendant's principal place of business is in Michigan, it is likely that its experts are located in Michigan. "It has been repeatedly held by courts that 'the convenience of expert witnesses is of little or no significance on a motion to transfer.'" *Studiengesellschaft Kohle MBH v. Shell Oil Co.,* No. 93 Civ. 1868, 1993 WL 403340, *3, 1993 U.S.Dist. LEXIS 14131, at *10 (S.D.N.Y. Oct. 7, 1993) (quoting *Bernal v. Du Pont,* No. 93 Civ. 1639, 1993 WL 378790, *2, 1993 U.S.Dist. LEXIS 13308, at *7 (S.D.N.Y. Sept. 24, 1993)). Therefore, the defendant cannot claim that Maryland would be a more convenient forum for such experts.

Defendant further argues that it might be appropriate for the jurors to be able to view the accident scene. In *Ryer v. Harrisburg*

*Kohl Brothers, Inc.,* 307 F.Supp. 276 (S.D.N.Y.1969), a case involving an automobile accident, the court determined that the case should be transferred from the plaintiff's choice of forum to the district in which the accident took place. However, an important distinction can be made between *Ryer* and the instant action. In the *Ryer* case, there was a "difficult question as to who was responsible for the accident," making it extremely useful to be able to view the accident scene and making live testimony of witnesses to the accident crucial. *Id.* at 280–81. In this case, there is no such difficult question. Furthermore, it is unclear what other benefit would come from bringing jurors out to view the accident scene. Their investigation of the area would not aid in their determination as to whether a defective part in the vehicle or the driver's negligence caused the Ridders' death. Accordingly, this factor does not favor a transfer.

**B. Parties.**

■ Another factor to be considered in a transfer motion is the residence of the parties. *Heyco, Inc. v. Heyman,* 636 F.Supp. 1545, 1550 (S.D.N.Y.1986) (citing *Copulsky v. Boruchow,* 545 F.Supp. 126, 128–29 (E.D.N.Y.1982)). A transfer should not merely shift the burden of inconvenience from one party to the other. *Schieffelin & Co.,* 725 F.Supp. at 1322. Defendant is a Delaware corporation with its principal place of business in Michigan. Accordingly, defendant will be obligated to travel regardless of whether this action is heard in the Southern District of New York or in the District of Maryland. Plaintiffs, on the other hand, reside in New York and would be inconvenienced if required to travel to Maryland for the adjudication of this case.

■ A court may also consider the relative means of the parties in deciding a transfer motion. *Hernandez,* 761 F.Supp. at 989; *Arrow Electronics,* 724 F.Supp. at 266 (citing *Goldstein v. Rusco Industries, Inc.,* 351 F.Supp. 1314, 1318 (E.D.N.Y.1972)). Plaintiffs are individuals who are suing a large corporation which possesses considerably greater financial assets. To force plaintiffs

to travel to Maryland in order to go forward with their claim would merely increase the financial burdens they already face. Any added expenses that GM might incur as a consequence of defending itself in this District do not justify shifting these expenses to plaintiffs. Accordingly, transfer is not favored here.

### III. Locus of Operative Facts and Relative Ease of Access to Sources of Proof.

Defendant's claim that because the accident occurred in Maryland and all sources of proof, including the car, are located in Maryland, that District is the locus of operative facts and would provide the easiest access to all relevant evidence. The court disagrees. In light of the fact that plaintiffs have based this action on theories of product liability, conduct which could result in findings of negligence, strict liability or breach of warranties would have occurred in the District where the majority of defendant's business decisions such as design, marketing, testing and distribution were made. *E.g., Hodson v. A.H. Robins Co., Inc.,* 528 F.Supp. 809, 815 (E.D.Va.1981). Michigan is GM's principal place of business. It is most probable that defendant makes it most important business decisions in that District. Accordingly, the majority of the records and other sources of proof for the determination of liability on the product would be found in Michigan. Therefore, Maryland is neither the locus of operative facts nor the locus of easier access to sources of proof.

### IV. Attendance of Witnesses.

▮ The ability to compel the attendance of witnesses is an important factor in the court's determination of a transfer motion. *Arrow Electronics,* 724 F.Supp. at 266. However, the fact that defendant's witnesses who could provide the most pertinent testimony on the subject of product liability would be their own experts who would be in their employ, renders it unnecessary to compel their testimony. Any of the Maryland witnesses' testimony deemed necessary in this case could be offered to the jury via deposition.

### V. Weight Accorded to Plaintiffs' Choice of Forum.

▮ Defendant argues that plaintiffs' choice of forum should not be accorded much significance because their choice is not the locus of operative facts. Plaintiffs' choice of forum is significant and will not be disturbed, unless the balance of factors weighs heavily in favor of a transfer. *Seagoing Uniform Corp. v. Texaco, Inc.,* 705 F.Supp. 918, 936 (S.D.N.Y.1989) (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947)). However, plaintiffs' choice of forum is accorded less weight where the plaintiffs' chosen forum is neither their home nor the place where the operative facts of the action occurred. *Reeder v. Yamaha Motor Corporation,* No. 92 Civ. 5455, 1992 WL 370414, *4, 1992 U.S.District LEXIS 18263, at *11 (S.D.N.Y. Dec. 2, 1992). Given that 1) defendant is neither a New York resident nor a Maryland resident 2) plaintiffs are New York residents and 3) the operative facts in all likelihood occurred in Michigan, this factor dictates against transfer.

### VI. Trial Court's Familiarity with the Governing Law.

Defendant argues that Maryland law would govern in this action and, therefore, the District Court in Maryland would be better suited to decide this action. "The fact that the law of another jurisdiction governs the outcome of the case is a factor accorded little weight on a motion to transfer, however, especially in an instance such as this where no complex questions of foreign law are involved." *Vassallo v. Niedermeyer,* 495 F.Supp. 757 (S.D.N.Y.1980); *see also Nat. Patent Dev. Corp. v. American Hospital Supply,* 616 F.Supp. 114, 119 (S.D.N.Y.1984). Therefore, whether the substantive law of New York or Maryland applies in the instant action is of little consequence in the determination of this motion.

### VII. Trial Efficiency and the Interest of Justice.

▮ Courts should also consider the "practical problems that would make the trial of a case easy, expeditious and inexpensive."

*Ryer,* 307 F.Supp. at 729; *Hernandez,* 761 F.Supp. at 991. Defendant claims that the material circumstances and factors of this case weigh in favor of adjudicating this case in Maryland. However, records, investigative reports and other such documents could easily be brought into this District. Depositions of most of the non-party witnesses listed by defendant could be used. Additionally, as stated, *supra,* it is conceivable that the majority of the necessary documentation concerning liability would be found at defendant's principal place of business and not in Maryland.

It is also appropriate when deciding whether to transfer a case to compare the relative state of trial calendar congestion in the relevant districts. *Ryer,* 307 F.Supp. at 278. Defendant notes that, generally, it takes more time for an action to reach the trial calendar in the Southern District of New York than in the District of Maryland. While in most instances this may be true, this particular court's docket is not nearly as back-logged as the majority of the docket's in this District. Indeed this case could conceivably go to trial sooner than it would in Maryland. Given this situation, this factor does not favor a transfer.

Finally, while the residents of Maryland have an interest in this litigation in light of the fact that the accident occurred in their state, New York residents have a greater interest in seeing their fellow residents compensated for their losses.

### CONCLUSION

For the reasons set forth above, the court finds that the defendant has not met the burden of showing that a transfer is in the best interests of the adjudication of this case. Accordingly, the motion to transfer this action to the United States District Court for the District of Maryland is denied.