**Mohammed HABROUT, Plaintiff,**

v.

**CITY OF NEW YORK, et al., Defendants.**

**No. 01 CIV. 1251(RRM)(BMHD).**

United States District Court, S.D. New York.

June 4, 2001.

Richard J. Cardinale, Brooklyn, NY, David B. Epstein, Brooklyn, NY, for plaintiff.

Jonathan Houghton, for defendant.

## DECISION AND ORDER

BERMAN, District Judge.

Before the Court is a motion of Defendants City of New York, et al. (collectively "Defendants") to transfer this action to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1404(a). **For the reasons set forth below, Defendants' motion is denied.**

### I. Background

Plaintiff Mohammed Habrout ("Plaintiff") alleges that, on December 17, 1999, while driving in Brooklyn, New York, he was subjected to an unlawful search and seizure of his vehicle. (Compl.¶ 7,8,10.) Plaintiff was arrested by Defendants Lawrence Papola and another (unidentified) police officer for violating New York State Vehicle and Traffic Law and, thereafter, detained at the 66th police precinct and at Brooklyn Central Booking. (Compl.¶ 10–12.) Plaintiff alleges that these incidents, among others, and the treatment that he endured violated numerous civil and constitutional rights. (Compl.¶ 22–36.) Plaintiff filed this action on February 20, 2001.[1]

On May 15, 2001, Defendants filed the instant motion to transfer, asserting that the arrest, detention and alleged misconduct occurred in the Eastern District, where Plaintiff also resides, and where most of the individual Defendants work. Plaintiff filed his opposition to the motion on May 23, 2001.

### II. Standard of Review

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." It is not disputed

---

1. On April 26, 2001, Plaintiff joined additional parties as Defendants.

that this action could have been filed in the Eastern District. The decision to transfer "lies in the sound discretion of the district court." *See United States Life Ins. Co. v. Blumberg,* 94 Civ. 1417, 1994 WL 592557, at *1 (S.D.N.Y. Oct. 28, 1994), *citing Factors, Etc. Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978); *see also Schuur v. Walt Disney Co.,* 98 Civ. 2212, 1998 WL 190321, at *1 (S.D.N.Y. Apr. 21, 1998) ("It is well established that motions for transfer lie well within the broad discretion of the district court.") The moving party "has the burden of establishing the propriety of the transfer by a clear and convincing showing." *See Blumberg,* 94 Civ. 1417, 1994 WL 592557, at *1. Furthermore, Plaintiff's choice of forum, if in accordance with 28 U.S.C. § 1391, "is significant and will not be disturbed unless the balance of factors weighs heavily in favor of a transfer." *Dwyer v. General Motors Corp.,* 853 F.Supp. 690, 694 (S.D.N.Y.1994), *citing Seagoing Uniform Corp. v. Texaco, Inc.,* 705 F.Supp. 918, 936 (S.D.N.Y.1989).

### III. Analysis

■ Defendants have failed to make a clear and convincing showing that the balance of factors here weighs in favor of transfer of this action to the United States District Court for the Eastern District of New York. Defendants claim that being compelled to appear in New York's Southern District Courthouse, which lies just across the East River and just over the Brooklyn Bridge from the Eastern District, inconveniences them to the degree that the Plaintiff should be deprived of his choice of forum. The argument is not convincing, not least because, among other reasons, several Defendants (Bernard B. Kerik, present Commissioner of the New York City Police Department and former Commissioner of the New York City Department of Correction, and William Fraser, current Commissioner of the New

York City Department of Correction) have their primary place of business in the Southern District. *See Wellington Computer Graphics, Inc. v. Modell,* 315 F.Supp. 24, 28 (S.D.N.Y.1970) ("In effect defendants are claiming that being forced to appear in New York City rather than Newark, New Jersey—cities twelve miles apart—so substantially inconveniences them that plaintiff should be deprived of its choice of forum. The contention is frivolous."); *see also Jenkins v. Wilson Freight Forwarding Co.,* 104 F.Supp. 422, 424–425 (S.D.N.Y.1952).

Though the amount of weight accorded to Plaintiff's choice of forum is reduced when the chosen forum is neither where Plaintiff resides nor where the events giving rise to the action occurred, as is the case here, Plaintiff's choice of forum nevertheless should not be disturbed unless the balance of factors clearly weighs in favor of a transfer. *See Dwyer,* 853 F.Supp. at 694, *citing Seagoing Uniform Corp. v. Texaco, Inc,* 705 F.Supp. 918 (S.D.N.Y. 1989); *see ·Dwyer,* 853 F.Supp. at 694, *citing Reeder v. Yamaha Motor Corp.,* 92 Civ. 5455, 1992 WL 370414, at *4 (S.D.N.Y. Dec. 2, 1992). *See also Cressman v. United Air Lines,* 158 F.Supp. 404 (S.D.N.Y. 1958). Here, that is not the case.

### IV. Conclusion

For the reasons stated above, Defendants' motion to transfer this case to the United States District Court for the Eastern District of New York is denied. The parties are directed to participate in a scheduling conference on June 11, 2001, at 9:00 AM, in Courtroom 706 of the United States Courthouse, 40 Centre Street, New York, New York.