**CHET BAKER ENTERPRISES, L.L.C., and Chesney A. Baker, Plaintiffs,**

v.

**FANTASY, INC., Richcar Music Co., Richar Music, Inc., Car Baby Music Co., Joyce G. Carpenter and Joyce G. Carpenter, as the Administratrix of the Estate of Richard Carpenter, Defendants.**

No. 01–CV–346.

United States District Court, S.D. New York.

Sept. 26, 2002.

Richard Y. Yellen, Esq., New York City.

Peter Jakab, Esq., Fein & Jakab, New York City.

## ORDER

DANIELS, District Judge.

In an action for breach of contract and trademark violation, defendant Fantasy Inc. is seeking an order transferring the action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of California. Plaintiffs oppose the motion and move, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, for leave to file a second amended complaint. The matter was referred to Magistrate Judge Kevin N. Fox who issued a Report and Recommendation ("Report") recommending that the defendant's motion be granted and plaintiffs' motion be denied. In his Report, Magistrate Judge Fox advised the parties that any objections to the Report must be filed within ten days. Neither party filed objections to the Report and the time to do so has expired, 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. 72(a).

In reviewing the Report, the Court "may accept, reject, or modify, in whole or in part the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where there are no objections, the Court may accept the Report provided there is no clear error on the face of the record. *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y.1985); *see also, Heisler v. Kralik*, 981 F.Supp. 830, 840 (S.D.N.Y.1997), *aff'd* 164 F.3d 618 (2d Cir.1998). After reviewing the Report, the Court finds that the Report is not facially erroneous with respect to the motion to transfer the matter. Accordingly, this Court adopts that portion of the Report recommending defendants' motion to transfer be granted.

This Court agrees with Magistrate Fox's finding "that transferring the instant action to the Northern District of California would be reasonable, appropriate, convenient to the parties and non-party witnesses, and in the interests of justice." Therefore, this Court will not adopt the findings and recommendations of the Report pertaining to plaintiffs' motion to amend. The transferee court, which will ultimately preside over the case, should decide if plaintiffs may file a second amended complaint.

Accordingly, it is hereby

ORDERED that the Report and Recommendation is adopted in part and rejected in part; and it is further

ORDERED that the defendant Fantasy, Inc.'s motion to transfer the action to the United States District Court for the Northern District of California is granted.

SO ORDERED.

## REPORT and RECOMMENDATION

FOX, United States Magistrate Judge.

### I. INTRODUCTION

Before the Court is a motion made by defendant Fantasy, Inc. ("Fantasy") that the instant breach of contract and trademark violation action be transferred; pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of California. Plaintiffs Chet Baker Enterprises, L.L.C. ("CBE") and Chesney A. Baker ("CAB") oppose the motion and have moved, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, for leave to file a second amended complaint. Through the proposed amended pleading, they seek to add ZYX Music Distribution, Ltd. ("ZYX") as a defendant in the action and to assert various trademark-based claims against it. Fantasy opposes the plaintiffs' motion to file a second amended complaint.

## II. BACKGROUND

CBE is the successor-in-interest to the estate of jazz artist Chesney H. "Chet" Baker ("Chet Baker"). On April 5, 2001, CBE filed an amended complaint in this action, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. That pleading added defendants Richcar Music, Inc. and Car Baby Music Co. as defendants in the action. Plaintiffs allege that these business entities are domiciled in New York and owned by Joyce Carpenter, a resident of New York, who is the widow, executrix and successor-in-interest to the Estate of Richard Carpenter. Richard Carpenter ("Carpenter") was, among other things, Chet Baker's booking agent. The docket sheet maintained for this action by the Clerk of Court indicates that Fantasy is the only defendant to have appeared to defend against the claims made by plaintiffs in their amended complaint.

The amended complaint alleges, *inter alia*, that on March 23, 1964, Chet Baker entered into an agreement with the Music Royalty Corporation ("MRC"); according to the terms of the agreement, all of Chet Baker's rights to receive royalties derived from recordings made prior to the agreement's effective date were assigned to MRC. It is also alleged in the amended complaint that on September 26, 1964, Chet Baker entered into a second agreement with MRC, executed by Carpenter on the corporation's behalf, under which MRC was given responsibility for managing Chet Baker's career. Plaintiffs contend that Carpenter owned or controlled MRC.

On or about September 28, 1994, Fantasy commenced an interpleader action in Berkeley–Albany Municipal Court, Alameda, California, against Carol Baker, as successor-in-interest to Chet Baker, Carpenter and defendant Richcar Music Co. The interpleader action arose out of a dispute over the royalties due from the sale and distribution of recordings made by Chet Baker, pursuant to a 1960 agreement he had with Bill Grauer Productions. The agreement is referred to by the parties as the "Riverside Records Contract" or the "Riverside Contract." The parties negotiated a resolution to the interpleader action, and then executed a release and settlement agreement. The parties to the settlement agreement included the Estate of Richard Carpenter, Richcar Music Company, MRC, Primebeat Music Company, Frondell Music, Inc. and "all other entities related to or which were controlled or owned in whole or in part by Richard Carpenter or the Estate of Richard Carpenter...." Carol Baker, in her capacity as the representative of her husband's estate and in an individual capacity, also was a party to that agreement.

By its express terms, the settlement agreement bound, and inured to the benefit of, the representatives, heirs, executors, administrators, successors and assigns of the parties to that agreement. In addition, the settlement agreement provided that its terms and conditions were to be construed and interpreted in accordance with the laws of California. Moreover, the settlement agreement required that "[i]n any legal proceedings related to or arising out of [the settlement agreement], the parties and signatories to [the] Agreement consent to personal jurisdiction in the state or federal courts within the State of California." Therefore, Fantasy maintains, all of the parties to the instant action have subjected themselves, and any claims arising out of the above-referenced settlement agreement, to the jurisdiction, *inter alia*, of a federal court in California. Accordingly, Fantasy urges that the instant action, in which plaintiffs allege that the terms and conditions of the settlement agreement have been breached, be trans-

ferred to the United States District Court for the Northern District of California.

In support of its request, Fantasy contends that much of the documentary and electronically-stored evidence germane to the settlement agreement is located in California. Furthermore, it maintains, all counsel, save for one, who participated in negotiating and drafting the settlement agreement are located in California. Moreover, Fantasy notes, the plaintiffs reside in Oklahoma, which is closer to California than it is to New York.

For their part, CBE and CAB contend that all the defendants, except for Fantasy, are located in New York and that the documents pertinent to the settlement agreement can be transported to New York without difficulty. In like manner, they maintain, California counsel who assisted in negotiating and drafting the settlement agreement can travel to New York with ease.

With respect to plaintiffs' request that the complaint be amended to add ZYX, CBE and CAB contend that they have learned recently that ZYX is manufacturing and distributing various compact discs of the music recorded by Chet Baker on August 23, 25 and 29, 1965. The sound recordings made by Chet Baker on those dates are sometimes referred to as the "Prestige Masters." Plaintiffs allege that ZYX's activities are being performed under a license granted to it by Fantasy. Plaintiffs maintain that ZYX's activities are in contravention of plaintiffs' rights. Furthermore, plaintiffs claim to have learned that ZYX is a New York corporation; therefore, they contend, ZYX would not be inconvenienced if it had to defend against an action that is prosecuted in this judicial district.

Fantasy opposes plaintiffs' application to amend the complaint for a second time to permit ZYX to be named as a defendant.

Fantasy contends it has a distribution arrangement with a German company known as ZYX Music GmbH. Fantasy maintains that it has no relationship, contractual or otherwise, with the New York corporation, ZYX, that plaintiffs seek to add to this action as a defendant. Fantasy has explained that its distribution agreement with ZYX Music GmbH permits that entity to distribute Fantasy products in specified European countries only.

## III. DISCUSSION

*Change of Venue*

28 U.S.C. § 1404(a) provides the following:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■ A determination to grant a motion for change of venue is left to the discretion of the district court. *See Filmline (Cross-Country) Productions, Inc. v. United Artists Corp.,* 865 F.2d 513, 520 (2d Cir.1989). Such a determination requires a court to weigh various factors and balance conveniences. *See Viacom Int'l, Inc. v. Melvin Simon Productions, Inc.,* 774 F.Supp. 858, 867 (S.D.N.Y.1991). The factors to be weighed by a court are: 1) the place where the operative facts occurred; 2) the convenience to parties; 3) the convenience to witnesses; 4) the relative case of access to sources of proof; 5) the availability of process to compel attendance of unwilling witnesses; 6) the plaintiff's choice of forum; 7) the forum's familiarity with the governing law; and 8) trial efficiency and the interests of justice.

■ The relevant statute proscribes transfer of venue except in those instances where the transferee court would have had

jurisdiction when the action was commenced. *See Hoffman v. Blaski*, 363 U.S. 335, 344, 80 S.Ct. 1084, 1089–1090, 4 L.Ed.2d 1254 (1960); *Viacom Int'l, Inc. v. Melvin Simon Productions, Inc.*, 774 F.Supp. at 868. Accordingly, the threshold question for a court faced with a motion to change venue is whether the proposed transferee jurisdiction is a place where the action could have been initiated. Only if it is, should a court proceed to consider the factors identified above.

■ Here, the proposed transferee court, the United States District Court for the Northern District of California, could have been the forum of choice *ab initio*. This is so for two reasons. First, the forum selection clause in the settlement agreement that terminated the California interpleader action provided that any federal court in California would be a proper forum for adjudicating any claim arising out of that settlement agreement. Where an agreement in a commercial dispute contains a forum selection clause, the Second Circuit Court of Appeals has recognized that a strong policy favors enforcing such a clause. *See Chasser v. Achille Lauro Lines*, 844 F.2d 50, 54 (2d Cir.1988). In addition, prior to the commencement of this litigation, all parties to this action consented, under the terms of the interpleader action settlement agreement, to personal jurisdiction in the state or federal courts located in California. Nothing in the record before the Court militates against enforcing these provisions of the settlement agreement. As a result, since jurisdiction would have been proper in the proposed transferee court at the time this action was commenced, it is appropriate for the Court to weigh the factors noted above to determine whether transferring this case to the Northern District of California would be convenient for the parties and witnesses, and would be in the interest of justice. The relevant factors are analyzed below.

*Locus of Operative Facts*

The interpleader action settlement agreement, which is at the heart of the instant litigation, was principally negotiated and drafted by California counsel in northern California. Only one attorney who participated in negotiating, drafting, and executing the settlement agreement was in New York. Therefore, it appears likely that the majority of the facts and the materials relevant to the creation and implementation of the settlement agreement will be developed through witnesses and documents located in California. Consequently, the Court finds that California is the locus of operative facts in the case at bar. This circumstance supports transferring this action to the United States District Court for the Northern District of California. *See Berman v. Informix Corporation*, 30 F.Supp.2d 653, 658 (S.D.N.Y. 1998).

*Convenience to the Parties*

Fantasy, the only defendant to appear in this action, is a Delaware Corporation. Fantasy's principal place of business is in Berkeley, California. The plaintiffs are both residents of Oklahoma, which, as was noted previously, is geographically closer to California than it is to New York. The record before the Court is devoid of any factual evidence that links these parties to New York in any significant way. Nothing in the record suggests that any utility exists in keeping the action in New York. This is especially so since all the "New York defendants" have failed to appear in the action. Moreover, the fact that plaintiffs have brought suit outside Oklahoma, where they reside, lessens the prospect of any inconvenience being visited upon them if the litigation is transferred to California. *See Associated Artists Entertainment,*

*Inc. v. Walt Disney Pictures,* No. 93 Civ. 3934, 1994 WL 708142, at *3 (S.D.N.Y. Dec. 19, 1994).

Plaintiffs argue that the defendants, who have not appeared in the action, have ties to New York, and would be subject to subpoenac for compelled testimony. However, plaintiffs have ignored the fact that those same defendants have, perforce of the provisions of the interpleader settlement agreement, consented to personal jurisdiction in any federal court in California. Therefore, securing their testimony in the Northern District of California would not be foreclosed if this action is transferred to that judicial district. The Court finds that transferring this action to California would inconvenience neither the plaintiffs, the lone defendant who has appeared in the action, nor the defaulting defendants, all of whom have consented to personal jurisdiction in the California state and federal courts.

## Convenience to the Witnesses

Perhaps the most important factor in determining whether an application to transfer an action should be granted is the convenience of both party and non-party witnesses. *See Aerotel Ltd. v. Sprint Corp.,* 100 F.Supp.2d 189, 197 (S.D.N.Y. 2000). The convenience to the parties of litigating in California has been addressed, *supra,* and will not be addressed again here. In any event, the majority of the witnesses likely to possess relevant information concerning the negotiation and preparation of the settlement agreement that is central to this case are situated in California. They are the attorneys who were representing the parties to the California interpleader action. The Court finds that they will not be inconvenienced by having this action transferred to California where they and their pertinent files are located.

## Ease of Access to Sources of Proof

With respect to this factor, plaintiffs and Fantasy agree that most of the sources of proof will be located in California. Therefore, no analysis of this factor is needed.

## Availability of Process to Compel Witness Attendance

It appears from the record before the Court that the majority of non-party witnesses who have knowledge of the facts and circumstances surrounding the negotiation and preparation of the settlement agreement—California counsel in the interpleader action and their respective staffs—are located in and around the Northern District of California. The parties to the instant action should have no problem effecting service of process upon these non-parties to compel their testimony in the proposed transferee court. This would not be the case if the action remained in this judicial district, since the likely non-party witnesses are beyond the 100–mile radius in which a subpoena issued by this court could be served effectively. *See* Fed.R.Civ.P. 45(b)(2). Accordingly, this factor supports transferring the case to the Northern District of California.

## Plaintiffs' Choice of Forum

Courts accord a plaintiff's choice of forum varying degrees of weight. *See* 15 *Wright Miller & Cooper, Fed. Practice & Procedure,* 2d § 3848. However, a plaintiff's chosen forum is given less weight when that forum is neither the plaintiff's home nor the place where the operative facts of the action occurred. *See Dwyer v. General Motors Corp.,* 853 F.Supp. 690, 694 (S.D.N.Y.1994). Inasmuch as: (a) New York is the home neither of the plaintiffs nor Fantasy; (b) no defendant other than Fantasy has appeared in the action; and (c) New York is not the locus of operative facts, the Court finds that this factor militates in favor of transferring the action to California.

*Trial Court's Familiarity with Governing Law*

"The fact that the law of another jurisdiction governs the outcome of the case is a factor accorded little weight on a motion to transfer...." *Vassallo v. Niedermeyer,* 495 F.Supp. 757, 760 (S.D.N.Y.1980). Both the transferor court and the proposed transferee court are competent to adjudicate the merits of the case at bar. Accordingly, this factor does not provide Fantasy much support in its quest to have this action transferred to the Northern District of California.

*Trial Efficiency and the Interests of Justice*

As has been discussed above, it appears that the pivotal witnesses and documents relevant to this action are located predominantly in California. Consequently, conducting the trial of this action in the proposed transferee court would be economical and efficient. Therefore, this factor supports granting Fantasy's motion. *See Associated Artists Entertainment, Inc. v. Walt Disney Pictures, supra,* at *3.

After considering all of the relevant factors, the Court finds that transferring the instant action to the Northern District of California would be reasonable, appropriate, convenient to the parties and nonparty witnesses, and in the interests of justice.

*Motion to File a Second Amended Complaint*

Plaintiffs seek to amend their complaint, for a second time, pursuant to Fed. R.Civ.P. 15(a). They seek to add a new party, ZYX, as a defendant, and to assert trademark-based claims against it. CBE and CAB contend that the proposed new defendant was unknown to them at the time that the original complaint was filed and at the time they amended their original complaint. Plaintiffs maintain that, inasmuch as no defendant has yet answered their amended complaint and, save for Fantasy, none of the defendants has yet appeared in the action, no prejudice would be visited upon any defendant if the instant application is granted.

For its part, Fantasy opposes the motion. It maintains that ZYX, which plaintiffs allege is manufacturing and distributing various sound recordings created from the Prestige Masters that are at issue in this litigation, has no relationship, contractual or otherwise, to Fantasy. Through a declaration submitted by Albert M. Bendich, Esq., Vice President and General Counsel to Fantasy, Fantasy explained that it has a distribution agreement with a company based in Germany, ZYX Music GmbH, that has a name similar to ZYX's name. Fantasy argues that this fact alone does not provide a basis for adding, as a defendant in this action, a corporate entity that has no connection to Fantasy at all. Fantasy alleges that plaintiffs' desire to amend their complaint, for a second time, to include ZYX as a defendant, is simply a transparent attempt to defeat Fantasy's change of venue motion by adding another "New York defendant" to bolster their position that the convenience of the incumbent "New York defendants," who have defaulted in this action, and the convenience of ZYX warrants the Court's denying Fantasy's motion. Fantasy urges that the Court deny plaintiff's motion because they have determined to add ZYX as a defendant under the mistaken belief that it is associated with Fantasy. Furthermore, Fantasy contends, plaintiffs' motion should be denied because they have proffered no competent evidence that explains their delay in seeking to add ZYX as a defendant in this action or their failure previously to uncover ZYX's existence.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading by leave of the court . . . and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *see also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

The determination to grant or deny a motion to amend a complaint is within the discretion of the court. *See New York State Nat'l Org. for Women v. Cuomo,* 182 F.R.D. 30, 36 (S.D.N.Y.1998). However, there must be good reason to deny such a motion. *See Acito v. IMCERA Group Inc.,* 47 F.3d 47, 55 (2d Cir.1995) (citing *S.S. Silberblatt, Inc. v. East Harlem Pilot Block–Bldg. 1 Hous. Dev. Fund Co., Inc.,* 608 F.2d 28, 42 [2d Cir.1979] ). "[U]ndue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment" are valid reasons to deny the motion. *Foman,* 371 U.S. at 182, 83 S.Ct. at 230.

The uncontroverted record evidence establishes that ZYX has no connection to Fantasy. Furthermore, plaintiffs have failed to explain how, if at all, they were prevented from uncovering ZYX's identity previously when they amended their complaint as a matter of right. The attempt to add this corporate entity as a defendant, at this juncture in the litigation, is suspect. It appears, as Fantasy suggests, calculated simply to derail Fantasy's motion to transfer venue to the Northern District of California. It does not appear to be a sincere attempt to have a court adjudicate, in an efficient manner, all valid claims that the plaintiffs believe should be asserted against persons and entities that they allege have violated CBE's and CAB's rights. In this regard, the Court notes that the plaintiffs have not replied to the responsive papers submitted by Fantasy in opposition to their motion to amend their complaint for a second time.

Based upon plaintiffs' unexplained delay in: (a) uncovering the existence of ZYX; and (b) seeking to add it as a defendant in this action; the uncontroverted record evidence that establishes that this entity has no connection to Fantasy and plaintiffs' determination not to reply to Fantasy's submission in opposition to their motion, the Court finds that justice does not require granting plaintiffs' application to amend their complaint for a second time.

## IV. RECOMMENDATION

For the reasons set forth above, Fantasy's motion to transfer venue to the Northern District of California should be granted; plaintiffs' motion to amend their complaint for a second time should be denied.

## V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, 40 Foley Square, Room 410, New York, New York, 10007, and to the chambers of the undersigned, 40 Foley Square, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL

RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983).

July 30, 2002.