**Anne PETRIK, Plaintiff–Appellant,**

v.

**PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Defendant–Appellee.**

No. 88–3763.

United States Court of Appeals, Ninth Circuit.

Submitted June 27, 1989.*

Decided July 14, 1989.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Eula Compton, Bozeman, Mont., for plaintiff-appellant.

Don M. Hayes, Berg, Stokes, Tollefsen & Hayes, Bozeman, Mont., for defendant-appellee.

Before FARRIS, NOONAN and LEAVY, Circuit Judges.

FARRIS, Circuit Judge:

Anne Petrik appeals the district court's dismissal for lack of personal jurisdiction of her action against Public Service Mutual Insurance Company. We affirm.

## FACTS

Anne Petrik was treated in 1978 by Robert Colby, a New York dentist. In 1982, Petrik moved to Montana. In 1984, she developed an infection in her mouth which she claims was due to a file tip which Colby negligently left in her jaw. Petrik requested that Colby pay for damage caused by his negligence. Public Service Mutual, Colby's insurance carrier, wrote to Petrik's attorney, explained the procedure for filing a claim, and requested that further communications be directed to PSM rather than Colby. Petrik brought a Montana state court action against Colby. PSM retained counsel in Montana to defend Colby, and the action was dismissed for lack of personal jurisdiction.

Petrik appealed, and the dismissal was upheld by the Montana Supreme Court. During her appeal, Petrik continued to try to settle the claim against Colby with PSM. PSM indicated that it was continuing to investigate. Eventually, PSM wrote to Petrik indicating that it would pay no damages. Petrik also tried unsuccessfully to obtain New York counsel to represent her against Colby in New York. Petrik claims that PSM, as a general business practice, refuses to pay claims against its insureds and forces claimants to bring suit for recovery. Petrik brought this action pursuant to the Montana Unfair Trade Practices Act, Mont.Code Ann. § 33–18–101, alleging that PSM failed to investigate or settle in good faith her claim against Colby.

PSM is a New York corporation headquartered in New York. Except for its dealings with Petrik, PSM has not engaged in any activities in Montana.

## DISCUSSION

The district court's determination that an exercise of personal jurisdiction would violate due process is a question of law, reviewable de novo. *Hirsch v. Blue Cross, Blue Shield,* 800 F.2d 1474, 1477 (9th Cir.1986). Because the district court determined jurisdiction based only on affidavits and discovery materials, Petrik need make only a prima facie showing of jurisdictional facts to avoid Public Service Mutual's motion to dismiss. *Data Disc, Inc. v. Systems Technology Assocs., Inc.,* 557 F.2d 1280, 1285 (9th Cir.1977).

To establish personal jurisdiction, Petrik must show, "first, that the state statute of the forum confers personal jurisdiction over the nonresident defendant and, second, that the exercise of jurisdiction accords with federal constitutional principles of due process." *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.,* 784 F.2d 1392, 1396 (9th Cir.1986).

Montana's long-arm statute provides that a person is subject to personal jurisdiction if the person is either "found" in the state or if the person committed one of six enumerated acts, including "the commission of any act which results in accrual within [Montana] of a tort action." Mont.R.Civ.P. 4 B. Petrik's tort action against PSM accrued within Montana. Exercise of personal jurisdiction was proper under Montana's long-arm provision.

Exercise of jurisdiction did not, however, comport with due process protections. Petrik does not claim that the district court could assert general jurisdiction over PSM and adjudicate an action against PSM unrelated to forum activities. *See Hirsch,* 800 F.2d at 1477. Instead, she claims that the court has specific jurisdiction over this case. We have applied a three-part test to determine whether specific jurisdiction exists:

(1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

(2) the claim must be one which arises out of or results from the defendant's forum-related activities.

(3) exercise of jurisdiction must be reasonable.

*Haisten,* 784 F.2d at 1397.

Petrik did not make a prima facie showing of facts which would satisfy the first part of this test. The focus of the "purposeful availment" requirement is whether the defendant's contacts are attributable to action by the defendant or to the plaintiff's unilateral activity. *Hirsch,* 800 F.2d at 1478. The "mere 'unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state.'" *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 298, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)). Actual physical contacts with a forum state are not necessary, but the defendant must have purposefully directed its actions toward forum state residents. *Haisten,* 784 F.2d at 1397.

None of PSM's alleged contacts satisfy this requirement. PSM made no decision to direct its activities to Montana. Its dealings with Petrik resulted entirely from Petrik's decision to move to Montana and to make a claim against her New York dentist. It was Petrik's unilateral decision, not any purposeful direction on the part of PSM, that caused Montana to have any relationship to this case. Because PSM's contacts with Montana were random and fortuitous rather than purposeful, they cannot justify haling PSM into court in Montana. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985).

Our decision in *Hunt v. Erie Ins. Group,* 728 F.2d 1244 (9th Cir.1984) applies here. Hunt was injured in Colorado by Erie's insured. Hunt later moved to California where she received some payments from Erie. She also received communications in which Erie allegedly refused in bad faith to pay her what she was due. We held:

To characterize [Hunt's] decision [to move to California] as an intentional action by Erie, for purposes of meeting the purposeful availment requirement of due process, would frustrate the very policy behind that requirement: ensuring that a *'defendant's* conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'

728 F.2d at 1247 (quoting *World–Wide Volkswagen,* 444 U.S. at 297, 100 S.Ct. at 567) (emphasis in *Hunt*). We also noted: "[w]e cannot agree that the requisite minimum contacts are established because a plaintiff's move into a state requires the defendant to send communications into that forum." *Hunt,* 728 F.2d at 1248. PSM's sole contacts with the forum, like those of Erie Insurance, were its communications with the plaintiff. The sole reason those communications were directed to the forum was the plaintiff's decision to move to the forum state.

Petrik attempts to distinguish *Hunt.* She claims that the plaintiff in *Hunt* moved for the purpose of obtaining benefits (Cal–Med) in California. Petrik, on the other hand, did not move to gain benefits under Montana law. This argument misconstrues our reasoning in *Hunt. Hunt* did not focus on the motives of the plaintiff in moving to California. Rather, we were persuaded by the fact that the plaintiff, not the defendant, made the decision that resulted in California contacts. To examine the motives of Petrik would " 'shift the focus of the inquiry from the relationship among the defendant, the forum, and the litigation to that among the plaintiff, the forum, ... and the litigation.... Such an approach is forbidden by *International Shoe* and its progeny.' " *Id.* at 1248 (quoting *Rush v. Savchuk,* 444 U.S. 320, 332, 100 S.Ct. 571, 579, 62 L.Ed.2d 516 (1980)).

## CONCLUSION

Petrik presents no evidence of action by which PSM purposefully availed itself of Montana law or purposefully directed its commercial activity toward Montana. PSM's contacts with Montana are due solely to the unilateral activities of Petrik. Assertion of personal jurisdiction over PSM would violate due process.

AFFIRMED.