ROBINSON CORPORATION, d/b/a
Caesars Cleaners, Plaintiff,

v.

AUTO–OWNERS INSURANCE
COMPANY, Defendant.

No. CIV. 02–00830(ACK/KSC).

United States District Court,
D. Hawai'i.

Feb. 12, 2003.

Phillip L. Deaver, Bruce D. Voss, Amara Harrell, Bays Deaver Lung Rose & Baba, Honolulu, HI, for Robinson Corp. dba Caesars Cleaners, plaintiff.

K. Hiraoka, Roeca Louie & Hiraoka, Honolulu, HI, for Auto–Owners Insurance Company a Michigan corporation, defendant.

*ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE AND DENYING DEFENDANT'S ALTERNATIVE MOTION TO TRANSFER VENUE*

KAY, District Judge.

### BACKGROUND

This matter comes before the Court on Defendant Auto–Owners Insurance Company's ("Auto–Owners") Motion to Dismiss Complaint ("Motion to Dismiss") filed by Plaintiff Robinson Corporation, d/b/a Caesars Cleaners ("Caesars Cleaners"). The Motion to Dismiss argues that the Court lacks personal jurisdiction over Auto–Owners and that venue in the District of Hawaii is improper. Alternatively, Auto–Owners asks the Court to transfer venue to the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a). Caesars Cleaners opposes the motion.

### I. *Factual History.*

The relevant facts are undisputed, and the Court finds this matter appropriate for disposition without an evidentiary hearing.

In 1997, Auto–Owners [1] issued an insurance policy indemnifying DynaClean Worldwide, Inc. ("DynaClean"),[2] for liability arising from "bodily injury" and "property damage" caused by an "occurrence" within the "coverage territory" (the "Policy"). (Complaint ¶ 8). The Policy was effective from April 25, 1997 through April 25, 1998. (Complaint ¶ 5). The coverage territory included the United States of America, Puerto Rico and Canada. (Complaint ¶ 10).

In 2001, Caesars Cleaners [3] filed an action against nonparties DynaClean and its president, Robert C. Morrison, in the Circuit Court of the First Circuit of the State of Hawaii. The complaint alleged several claims arising from misrepresentations that DynaClean and Mr. Morrison made to Caesars Cleaners in connection with the February 5, 1998 sale of a dry-cleaning machine. (Complaint ¶ 14). DynaClean removed to the United States District Court for the District of Hawaii and submitted the claim to Auto–Owners for coverage. (Complaint ¶ 15).

Following an internal investigation, Auto–Owners determined that the Policy did not extend to Caesars Cleaners' claims and denied coverage. (Complaint ¶ 16).

DynaClean, Mr. Morrison and Caesars Cleaners subsequently executed a settlement agreement by which (1) Caesars Cleaners released its claims against Mr. Morrison; (2) DynaClean agreed to a stipulated judgment in favor of Caesars Cleaners and against DynaClean; and (3) DynaClean and Mr. Morrison assigned to Caesars Cleaners any and all claims against Auto–Owners arising from Auto–Owners' refusal to defend and indemnify. (Complaint ¶¶ 24, 26).

On August 6, 2002, the Honorable Susan Oki Mollway, acting for the Honorable Samuel P. King, entered consent judgment in favor of Caesars Cleaners and against DynaClean. *Robinson Corp. v. DynaClean Worldwide, Inc.*, Civ. No. 01–1–00605 (D. Haw. filed August 3, 2002).

## II. *Procedural History.*

On December 5, 2002, Caesars Cleaners filed a Complaint against Auto–Owners in the Circuit Court of the First Circuit of the State of Hawaii. The Complaint alleged state law claims arising from "Auto–Owners' wrongful and bad-faith denial of its obligations to defend and indemnify DynaClean and Mr. Morrison against the claims by Caesars Cleaners ...." (Complaint ¶¶ 27, 28–39).

On December 27, 2002, Auto–Owners removed to this Court based on diversity jurisdiction. Auto–Owners promptly filed the instant motion pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.[4]

1. Auto–Owners is a Michigan corporation having its principal place of business in Michigan. (Complaint ¶ 2). Auto–Owners, by affidavit of Gwendoline A. Maisch, avers that it does not conduct business in Hawaii and that all relevant transactions occurred in Indiana. (Affidavit of Gwendoline A. Maisch, attached to the Motion to Dismiss, ¶¶ 3–9 ("Maisch Aff.")). Auto–Owners further avers that it "has not contracted to insure any person, property or risk which was located in the state of Hawaii at the time of contracting." (Maisch Aff. ¶ 5).

2. DynaClean is an Indiana Corporation having its principal place of business in Indiana. (Complaint ¶ 4).

3. Caesars Cleaners is a Hawaii corporation having its principal place of business in Hawaii. (Complaint ¶ 10).

4. Auto–Owners has not otherwise answered the Complaint.

## STANDARD OF REVIEW

On defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of proof and is "obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Marketing, Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).

When the Court rules without conducting an evidentiary hearing, the plaintiff need only make "a prima facie showing of jurisdictional facts through the submitted materials in order to avoid [dismissal]."[5] *Data Disc., Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir.1977).

"In determining whether [the plaintiff] has met this burden, uncontroverted allegations in [the] complaint must be taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.'" *American Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir.1996) (quoting *WNS Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir.1989)); *accord Pure, Ltd. v. Shasta Bev., Inc.*, 691 F.Supp. 1274, 1277 (D.Haw.1988).

## DISCUSSION

Auto–Owners argues (1) that the Court lacks personal jurisdiction; (2) that venue does not properly lie in this District; and (3) that the Court, as an alternative to dismissal, should transfer venue to the Southern District of Indiana. (Motion to Dismiss, at 1).

## I. Personal Jurisdiction.

To subject a nonresident defendant to suit, both the long-arm statute of the state in which the Court sits[6] and constitutional due process requirements must be satisfied. When, as here,[7] the state's long-arm statute reaches to the full extent permitted by the Constitution, the analyses merge and the Court need only determine whether due process permits the exercise of personal jurisdiction. *See, e.g., Loral Terracom*, 49 F.3d at 559.

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *accord Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269–70 (9th Cir.1995). Due process is satisfied if the Court has "either general jurisdiction or specific jurisdiction" over the defendant. *Miracle v. N.Y.P. Holdings, Inc.*, 87 F.Supp.2d 1060, 1065 (D.Haw.2000).

General jurisdiction exists only when the defendant's "activities in the state are 'substantial' or 'continuous and systematic.'" *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir.1990) (quoting *Data Disc.*, 557 F.2d at 1287). Caesars Cleaners concedes that the Court does not have general jurisdiction over Auto–Owners.

---

5. The plaintiff "must eventually establish jurisdiction by a preponderance of the evidence either at a pretrial evidentiary hearing or at trial." *Hi–Pac, Ltd. v. Avoset Corp.*, 980 F.Supp. 1134, 1137 (D.Haw.1997).

6. Because the Court sits in diversity and there is no applicable federal statute, Hawaii's long-arm statute, Haw.Rev.Stat. § 634–35, controls. *See, e.g., Loral Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559 (9th Cir.1995).

7. The Hawaii Supreme Court interprets Haw. Rev.Stat. § 634–35 as allowing jurisdiction "to the full extent permissible by the Due Process Clause of the Fourteenth Amendment." *Cowan v. First Ins. Co.*, 61 Haw. 644, 608 P.2d 394, 399 (1980); *accord Hi–Pac*, 980 F.Supp. at 1137.

(Caesars Cleaners' Memorandum in Opposition to Auto–Owners' Motion to Dismiss, filed January 16, 2003, at 8 ("Memo in Opp.")).

■ Specific jurisdiction requires that the defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *accord Burger King,* 471 U.S. at 475, 105 S.Ct. 2174. Caesars Cleaners argues that the Court has specific jurisdiction over Auto–Owners.

■ To determine whether specific jurisdiction exists, the Court employs "a three-part test to evaluate the nature and quality of [the defendant's] contacts" with the forum state. *Sher,* 911 F.2d at 1361. Specifically:

(1) The defendant must have done some act by which [it] purposefully avails [itself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must arise out of defendant's forum-related activities; and

(3) the exercise of personal jurisdiction must be reasonable.

*Loral Terracom,* 49 F.3d at 560. "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk,* 52 F.3d at 270.

■ The Court may exercise jurisdiction "with a lesser showing of minimum contacts than would otherwise be required if considerations of reasonableness dictate." *Haisten v. Grass Valley Med. Reimb. Fund, Ltd.,* 784 F.2d 1392, 1397 (9th Cir.1986). Conversely, "there is a presumption of reasonableness upon a showing that the defendant purposefully directed his activities at forum residents which defendant bears the burden of overcoming by presenting a compelling case that jurisdiction would be unreasonable." *Id.*

**A. Purposeful Availment.**

■ The "purposeful availment" prong requires a showing that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Loral Terracom,* 49 F.3d at 560 (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). "Only contacts occurring prior to the event causing the litigation may be considered." *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.,* 907 F.2d 911, 913 (9th Cir.1990).

Auto–Owners argues that it has not purposefully availed itself of the benefits of the forum's laws because Auto–Owners has no connection with Hawaii and none of the activity giving rise to this action occurred in Hawaii. (Motion to Dismiss, at 6–8). Caesars Cleaners argues that by contracting to provide coverage for DynaClean throughout the United States, Auto–Owners should have reasonably anticipated being haled into court in any forum within the coverage territory. (Memo in Opp., at 9–14). The Court finds that Ninth Circuit precedent-although not so broad-resolves the issue in favor of Caesars Cleaners.[8]

---

8. Auto–Owners relies on *Hunt v. Erie Insurance Group,* 728 F.2d 1244 (9th Cir.1984). In *Hunt,* the Ninth Circuit held that the inclusion of a state within an insurer's coverage territory cannot "be fairly characterized as an act by which [the insurer] has purposefully availed itself of the privilege of conducting activities in [that state]." *Id.* at 1247. The Ninth Circuit followed Hunt in *Petrik v. Public Serv. Mut. Ins. Co.,* 879 F.2d 682, 685 (9th Cir.1989), and a number of courts have reached similar conclusions in the insurer-defendant context. *See OMI Holdings Inc. v. Royal Ins. Co.,* 149 F.3d 1086 (10th Cir.1998); *Employers' Liab. Assur. Corp. v. LeJeune,* 189 F.2d 521 (5th Cir.1951); *Gagnon v. Emerson*

In *Farmers Insurance*, the court held that an insurance company purposefully avails itself of a forum when "[i]ts policy coverage extends into [the state] and an insured event" occurs there.[9] 907 F.2d at 913. The issue in *Farmers Insurance* arose when a vehicle insured by the defendant, Portage La Prairie Mutual Insurance Company ("Portage"), was involved in a traffic accident in Montana. *Id.* at 912. Portage refused to indemnify the driver for claims brought by an injured passenger. *Id.* The driver's insurer, Farmers Insurance Exchange ("Farmers"), subsequently settled the claim. *Id.* Farmers brought federal court action against Portage in Montana for bad faith failure to reimburse Farmers. *Id.*

Portage moved to dismiss for lack of personal jurisdiction. Portage argued that it was a foreign insurer, issued no policies in Montana and had no agents there. *Id.* Furthermore, the insured object was located primarily in Alberta, Canada, and was only temporarily in Montana when the accident occurred. *Id.* The district court

agreed with Portage and dismissed the action.

■ The Ninth Circuit reversed. The court found that "Portage's territorial policy limit included Montana within its scope" and, therefore, "Portage controlled its own amenability to suit." *Id.* at 914. Accordingly, the court held that Portage could reasonably anticipate being haled into court in Montana or any other forum within the coverage territory where an insured event occurred.[10] *Id.; see also Payne v. Motorists' Mut. Ins. Co.*, 4 F.3d 452, 456 (6th Cir.1993); *Rossman v. Consolidated Ins. Co.*, 832 F.2d 282, 286 (4th Cir.1987).

Caesars Cleaners alleges that the Policy's coverage territory includes Hawaii. (Complaint ¶ 10). Caesars Cleaners further alleges that an insured event resulted in litigation in Hawaii. (Complaint ¶ 14). Based on those uncontroverted allegations, the Court finds that Caesars Cleaners has made a prima facie showing that Auto–Owners purposefully availed itself of the forum state.

---

*Elec. Ben. Health Plan & Trust*, 2:01–CV–14, 2001 U.S. Dist. Lexis 12765 (W.D.Mich. Aug. 13, 2001); *Young v. Britannia Steam Ship Ins. Assoc., Ltd.*, 1994 AMC 2619 (E.D.La.1994). *Hunt* and *Petrik* are not controlling, however, because the forums invoked in those cases were not the situs of the allegedly insured events. *See Farmers Ins.*, 907 F.2d at 914.

**9.** In *World–Wide*, the Court held that selling automobiles foreseeably used in other states does not subject a dealer or a distributor to suits arising from accidents in those forums. 444 U.S. at 295–96, 100 S.Ct. 559. *Farmers Insurance* found *World–Wide* distinguishable because "liability insurers contract to indemnify and defend the insured for claims that will foreseeably result in litigation in foreign states. Thus litigation requiring the presence of the insurer is not only foreseeable, but it was purposefully contracted for by the insurer." 907 F.2d at 914. The court also noted that "unlike a product seller or distributor, an insurer has the contractual ability to control

the territory into which its 'product'-the indemnification and defense of claims-will travel." *Id.*

**10.** The Tenth Circuit has criticized *Farmers Insurance* for relying on location of the accident because "the court based its finding of purposeful availment on the acts of the insured and a random third party." *OMI Holdings*, 149 F.3d at 1093. Indeed, it is well settled that "[t]he 'mere unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state.'" *Petrik*, 879 F.2d at 684 (quoting *World–Wide*, 444 U.S. at 298, 100 S.Ct. 559); *accord Asahi Metal Indus. Co., Ltd. v. California Super. Court*, 480 U.S. 102, 109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). The Fourth and the Sixth Circuits, however, hold that liability insurers are subject to personal jurisdiction in circumstances analogous to *Farmers Insurance*. *See Payne*, 4 F.3d at 456; *Rossman*, 832 F.2d at 286.

## B. *Arising out of.*

■ The second prong is "met if 'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen." *Loral Terracom,* 49 F.3d at 561.

Auto–Owners argues that "[n]o activity by Auto–Owners took place in Hawaii." (Motion to Dismiss, at 9). Caesars Cleaners argues that "but for Auto–Owners['] breach of promise to defend and indemnify DynaClean for injuries caused in Hawaii, this suit would not have arisen." (Memo in Opp., at 15). The Court finds that *Farmers Insurance* again resolves the issue in favor of Caesars Cleaners.

In *Farmers Insurance,* the court held that "[b]ut for Portage's alleged breach of promise to defend its insured for injuries caused in Montana, this suit would not have arisen. The second prong is satisfied." 907 F.2d at 914–15.

Caesars Cleaners alleges that Auto–Owners' insured caused an injury to Caesars Cleaners in Hawaii for which Auto–Owners wrongly denied coverage. (Complaint ¶¶ 13–29). But for that alleged breach, this action would not have arisen. Therefore, the Court finds that Caesars Cleaners has made a prima facie showing that this action arises out of Auto–Owners' forum-related activities.

## C. *Reasonableness.*

■ "Even if the first two requirements are met, ... the exercise of personal jurisdiction must be reasonable." *Miracle,* 87 F.Supp.2d at 1068; *see also Omeluk,* 52 F.3d at 270; *Insurance Co. of N. America v. Marina Salina Cruz,* 649 F.2d 1266, 1270 (9th Cir.1981). The reasonableness determination requires the Court to consider the following factors:

(1) The extent of the defendant['s] purposeful interjection into the forum state's affairs;

(2) the burden on the defendant of defending in the forum;

(3) the extent of conflict with the sovereignty of the defendant['s] state;

(4) the forum state's interest in adjudicating the dispute;

(5) the most efficient judicial resolution of the controversy;

(6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and

(7) the existence of an alternative forum.

*Loral Terracom,* 49 F.3d at 561. The Court balances "all seven factors, recognizing that none of the factors is dispositive in itself." *Id.*

■ Because Caesars Cleaners made a prima facie showing that Auto–Owners "purposefully availed itself in [Hawaii], the district court's jurisdiction is presumed reasonable unless [Auto–Owners presents] a compelling case to the contrary."[11]

11. *Burger King* held that "where a defendant who *purposefully has directed his activities at forum residents* seeks to defeat jurisdiction, [it] must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." 471 U.S. at 477, 105 S.Ct. 2174 (emphasis added). That standard seems to require a greater degree of involvement with the residents of a particular forum than is necessary to satisfy the first prong of the personal jurisdiction analysis, which asks only whether the defendant "purposefully avail[ed] [itself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws ...." *Loral Terracom,* 49 F.3d at 560. The Court's research has not disclosed any case reconciling this semantic discrepancy. In practice, however, the Ninth Circuit treats the two statements of law as interchangeable. Accordingly, once the plaintiff makes a prima facie showing that the first prong is satisfied, the defendant must present a compelling case of unreasonableness to defeat jurisdiction. *E.g., Ochoa,* 287 F.3d at 1192. Other courts have been silent as to wether the burden shifts upon the barest showing of purposeful availment. *See Asahi Metal,* 480 U.S. at 116, 107 S.Ct. 1026 (Black-

*Ochoa v. J.B. Martin & Sons Farms, Inc.,* 287 F.3d 1182, 1192 (9th Cir.2002); *accord Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1088 (9th Cir.2000); *see also Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1322 (9th Cir.1998); *Miracle,* 87 F.Supp.2d at 1068. As the following discussion demonstrates, Auto–Owners has not satisfied its burden.[12]

■ First, the extent of purposeful interjection only marginally favors Auto–Owners. As a rule, "[e]ven if there is sufficient 'interjection into the state to satisfy the [purposeful availment prong]' the degree of interjection is a factor to be weighed in assessing the overall reasonableness of jurisdiction under the [third prong]." *Core–Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482, 1488 (quoting *Insurance Co.,* 649 F.2d at 1271) (alterations in original); *accord Miracle,* 87 F.Supp.2d at 1068. Accordingly, "the smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable its exercise." *Core–Vent,* 11 F.3d at 1488. (quoting *Insurance Co.,* 649 F.2d at 1271); *see also Brand v. Menlove Dodge,* 796 F.2d 1070, 1075 (9th Cir.1986).

In this case, Defendant does not have offices or agents in Hawaii and is not licensed to do business in Hawaii. (Maisch Aff. ¶¶ 3–4). Nor has Defendant contracted to insure any person, property or risk located in Hawaii at the time of contracting. (Maisch Aff. ¶ 5). Although these facts favor Auto–Owners, they are tempered by other considerations.

Specifically, Auto–Owners contracted to indemnify DynaClean for losses suffered in Hawaii and, therefore, Auto–Owners interjected itself into the forum to a palpable degree. *See Farmers Ins.,* 907 F.2d at 915. Indeed, the Court's finding of purposeful availment supports this conclusion. *See Core–Vent,* 11 F.3d at 1488; *Miracle,* 87 F.Supp.2d at 1069. Furthermore, Caesars Cleaners alleges that at "the time Auto–Owners sold DynaClean its Policy, Auto–Owners knew or should have known that DynaClean advertised and sold its products nationwide, including Hawaii." [13] (Complaint ¶ 11). Given these facts and allegations, Auto–Owners cannot derive much, if any, support from the first factor.

Second, the burden on Auto–Owners to defend in Hawaii is far from constitutionally unreasonable. *See Panavision,* 141 F.3d at 1323. As noted, Auto–Owners is located in Michigan and has no ties to Hawaii. It can be difficult to defend where one has no presence and no connections, particularly when the forum is well outside of the continental United States. *Cf. Brand,* 796 F.2d at 1075; *Insurance Co.,* 649 F.2d at 1272. Recent advancements in communication and transportation, however, have greatly reduced the inconvenience once associated with defending in another forum. *See Panavision,* 141 F.3d at 1323; *Miracle,* 87 F.Supp.2d at 1069.

Furthermore, Auto–Owners "specifically promised to defend its policyholders from any claim or suit arising from a loss or

---

mun, J., concurring); *OMI Holdings,* 149 F.3d at 1095; *Ticketmaster–New York, Inc. v. Alioto,* 26 F.3d 201, 210 (1st Cir.1994); *Amsleep, Inc. v. American Mattress Centers, Inc.,* No. 01 C 6456, *14–15, *18 (N.D. Cal. June 27, 2002); *Gator.Com Corp. v. L.L. Bean, Inc.,* No. C 01–01126, 2001 WL 1528393, *7, *9, 2001 U.S. Dist. Lexis 19737, *19, *24 (N.D.Cal. Nov. 21, 2001).

12. Even if the burden were not on Auto–Owners, the Court would find the exercise of personal jurisdiction reasonable in this case.

13. Similarly, the court in *Farmers Insurance* held that the degree of purposeful interjection weighed in favor of the plaintiff because Farmers alleged that Portage had actual knowledge the insured vehicle would be in Montana. 907 F.2d at 915.

accident within its policy territory, which included the entire United States." *Rossman*, 832 F.2d at 286. Having promised to defend DynaClean in any forum within the coverage territory, Auto–Owners cannot plausibly argue that the litigation burden now precludes personal jurisdiction in the same when an insured event occurred there.[14] In light of these considerations, the burden on Auto–Owners is minimal.[15]

Third, considerations of the sovereignty Defendant's state favor Caesars Cleaners. That is so because none of the events giving rise to this litigation occurred in Defendant's home state, Michigan. Accordingly, the Court perceives little conflict in exercising jurisdiction.[16] *See Loral Terracom*, 49 F.3d at 561.

Fourth, Hawaii has a significant interest in regulating bad faith by insurance companies. *See* Haw.Rev.Stat. § 431:1–102; *Best Place, Inc. v. Penn Am. Ins. Co.*, 82 Hawai'i 120, 920 P.2d 334, 345–46 (1996); *see also Farmers Ins.*, 907 F.2d at 915. That interest is particularly pronounced when a resident corporation has been tortiously injured. *See Panavision*, 141 F.3d at 1323; *see also Gray & Co. v. Firsten-*

*berg Mach. Co., Inc.*, 913 F.2d 758, 761 (9th Cir.1990). These interests carry this factor strongly for Caesars Cleaners.

Fifth, the efficient litigation factor, which focuses on "where the witnesses and the evidence are likely to be located[,]" does not favor either party. *Loral Terracom*, 49 F.3d at 561. The nature of the injury suffered by Caesars Cleaners is a relevant inquiry. *See Payne*, 4 F.3d at 456–57. So, too, are the reasons Auto–Owners denied coverage and the meaning of the Policy's terms. *See OMI Holdings*, 149 F.3d at 1097. The evidence and witnesses needed to decide these issues will come from Hawaii and Indiana (and possibly Michigan) and, therefore, both forums claim certain efficiencies lacking in the other.[17] *See Loral Terracom*, 49 F.3d at 561.

Sixth, Hawaii presents a more convenient forum for Caesars Cleaners. This consideration is not given much weight, *Miracle*, 87 F.Supp.2d at 1071, but the difficulty inherent in bringing this action in another forum cannot be completely ignored.[18]

---

**14.** *But see OMI Holdings*, 149 F.3d at 1095 ("An insurance company who issues a policy in which it agrees to defend its insured in a certain forum can undoubtedly foresee that it may have to provide a defense for its insured who is haled into court there. It does not follow, however, that by agreeing to defend in the forum, that the insurance company also by implication agrees that it will litigate disputes between it and its insured regarding the terms of an insurance contract in a foreign forum.").

**15.** The Court notes that the Ninth Circuit has questioned whether the corresponding burden on the plaintiff to litigate in an alternate forum should be considered when evaluating the burden on the defendant. *See Core–Vent*, 11 F.3d at 1488–89. Because the Due Process Clause is primarily concerned with the defendant's burden, *Loral Terracom*, 49 F.3d at 561, it seems inappropriate to temper the

second factor with other considerations. Furthermore, as Judge Gillmor's admittedly preliminary analysis lead her to conclude in *Miracle:* "the sixth factor-convenient relief for Plaintiff-adequately takes into account the burden on Plaintiff for the purposes of the Court's reasonableness analysis." 87 F.Supp.2d at 1069.

**16.** In any event, the sovereignty of the defendant's state is not a significant consideration in actions between citizens of the United States. *Decker*, 805 F.2d at 841; *Brand*, 796 F.2d at 1076 n. 5.

**17.** In any event, this factor is no longer weighed heavily. *See, e.g., Panavision*, 141 F.3d at 1323.

**18.** The possibility of effective relief in the alternative forum is given more weight. *E.g., Miracle*, 87 F.Supp.2d at 1071.

Finally, the plaintiff has the burden to allege the unavailability of an alternative forum. *Core–Vent,* 11 F.3d at 1489. Caesars Cleaners has not done so and, therefore, this factor supports Auto–Owners. *See id.* Viewed in isolation, however, this factor does not carry much weight.

After carefully balancing the foregoing considerations, the Court holds that Auto–Owners has not presented a compelling case that the exercise of jurisdiction is unreasonable.

### D. *The Court Has Personal Jurisdiction Over Auto–Owners.*

Caesars Cleaners made a prima facie showing that Auto–Owners purposefully availed itself of the benefits of Hawaii, and that this action arises out of Auto–Owners' contacts with Hawaii. Accordingly, the burden shifted to Auto–Owners to present a compelling case that the exercise of personal jurisdiction would be unreasonable. Auto–Owners failed to do so. Therefore, the Court holds that Auto–Owners is subject to personal jurisdiction in this forum.

### II. *Venue.*

■ Auto–Owners also argues that this action should be dismissed because venue does not lie in the District of Hawaii.

28 U.S.C. § 1391 in relevant part provides:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State ...."

\* \* \* \* \* \*

(c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

28 U.S.C. § 1391(a), (c).

Auto–Owners is a corporation and the only defendant in this action. Auto–Owners is subject to personal jurisdiction in Hawaii, and this District is the only Federal District embracing that forum. Therefore, venue is proper in this Court under 28 U.S.C. § 1391. *See, E.g., Icon Indus. Controls Corp. v. Cimetrix, Inc.,* 921 F.Supp. 375, 382 (W.D.La.1996).

### III. *Transfer of Venue.*

■ As an alternative to dismissal, Auto–Owners' argues that the Court should transfer venue pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of Indiana.

Section 1404(a) empowers the Court, "[f]or the convenience of parties and witnesses, in the interests of justice," to transfer "any civil action to any other district or division where it might have been brought." [19] 28 U.S.C. 1404(a).

This provision "has a broad remedial purpose: 'to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" 17 *Moore's Federal Practice,* § 111.11, 111–52 to 111–53 (3d ed.1997) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)).

---

**19.** Section 1404(a) partially displaces the doctrine of *forum non conveniens. See Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir.1986); *accord* 5A Wright & Miller, *Federal Practice & Procedure,* § 1352, 271 (2d ed.1990). Significantly, a transfer may be granted under Section 1404(a) "upon a lesser showing of inconvenience" than is necessary with *forum non conveniens. Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

Accordingly, the Court may transfer a properly laid action to another federal forum if (1) the transfer "will enhance the convenience of the parties and witnesses, and is in the interests of justice"; and (2) the action could have been brought in the transferee court.[20] 17 *Moore's Federal Practice*, § 111.11, 111–52 to 111–53.

 In determining whether the first requirement for transfer is satisfied, the Court examines three statutory factors-(1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice, which in turn directs the Court to consider a number of public and private interests. *Lung v. Yachts Int'l, Ltd.*, 980 F.Supp. 1362, 1370 (D.Haw. 1997); *Icon Indus.*, 921 F.Supp. at 383.

The Court balances these factors and will transfer the action if the other forum is clearly more convenient. 17 *Moore's Federal Practice*, § 111.13[2][a], 111–14 to 111–15; *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

 The plaintiff's choice of forum is entitled to significant weight and, therefore, the defendant must "make a strong showing of inconvenience to warrant" transfer to another district.[21] *Decker Coal*, 805 F.2d at 843; *see also LG Electronics, Inc. v. Asustek Computers*, 126 F.Supp.2d 414 (E.D.Va.2000); 17 *Moore's Federal Practice*, § 111.13[2][b], 111–114 to 111–115.

### A. Convenience of the Parties.

Caesars Cleaners, as a resident corporation, has obvious convenience interests in litigating this dispute in Hawaii. *See Dwyer v. General Motors Corp.*, 853 F.Supp. 690, 693 (S.D.N.Y.1994). Those interests, coupled with the preference in favor of the plaintiff's choice of forum, substantially outweigh Auto–Owners' somewhat comparable interests.[22] *See Hi-Pac*, 980 F.Supp. at 1140–41; *Dwyer*, 853 F.Supp. at 694; *see also* 17 *Moore's Federal Practice*, § 111.13[1][e][i], 111–74.

### B. Convenience of the Witnesses.

Convenience of the witnesses, other than party witnesses, is of paramount importance. 17 *Moore's Federal Practice*, § 111.13[1][f][i], 111–78; *see also Icon Indus.*, 921 F.Supp. at 383; *Dwyer*, 853 F.Supp. at 693. This factor is considered a "wash," however, when the location of witnesses is evenly divided between the two districts. 17 *Moore's Federal Practice*, § 111.13[1][f][ii], 111–78 to 111–79.

The parties have not provided the Court with the names and locations of their proposed witnesses. As discussed above, however, it is apparent that relevant and critical witnesses will be found in comparable numbers in Hawaii, Indiana and possibly Michigan. Without any evidence to the contrary, the Court finds that this factor is a wash and, therefore, it does not support transfer. *See Icon Indus.*, 921 F.Supp. at 384.

---

**20.** The action could have been brought in the United States District Court for the Southern District of Indiana and, therefore, the Court's analysis is confined to the first requirement. *See Icon Indus.*, 921 F.Supp. at 383.

**21.** The Court has broad discretion to grant or deny a transfer of venue and will be reversed only for abuse thereof. *Jones*, 211 F.3d at 498; *Allen v. Scribner*, 812 F.2d 426, 437 (9th Cir.1987); *Decker Coal*, 805 F.2d at 843.

**22.** The Court notes that Auto–Owners is a Michigan corporation and, therefore, will need to travel whether this litigation proceeds in Hawaii or Indiana. *See Dwyer*, 853 F.Supp. at 693.

## C. *The Interests of Justice.*

In considering this prong, the Court balances a number of public and private interest factors borrowed from the doctrine of *forum non conveniens.* *E.g. Lung,* 980 F.Supp. at 1371.

■ The public interests factors include:

(1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interests in having localized controversies decided at home; [and] (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action ... [and] the avoidance of unnecessary conflicts of law.

*Id.* at 1370 (quoting *Creative Tech., Ltd. v. Aztech Sys. Pte, Ltd.,* 61 F.3d 696, 702–03 (9th Cir.1995)).

■ The private interest factors include:

(1) relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of witnesses; (3) possibility of viewing subject premises; [and] (4) all other factors that render trial of the case expeditious and inexpensive.

*Id.* (quoting *Creative Tech.,* 61 F.3d at 703).

### 1. *Public Interest Factors.*

The first public interest factor weighs against transfer. Although neither party provided the Court with data regarding the administrative difficulties flowing from court congestion in Indiana, the Court notes that its own calendar allows for prompt and efficient resolution of the dispute.

The next two public interest factors, which focus on the interests of the respective communities, do not favor either party. That is so because the proposed transferee community and the present forum have comparable interests in this litigation, yet neither community can claim that the dispute is purely local in nature.

Finally, although the outcome of a choice of laws analysis is far from certain, a finding that Indiana law governs this action would militate in favor of transfer. The Court concludes, however, that it is unnecessary to determine the applicable law at this point because the dispute does not involve complex or novel questions of law. *See Dwyer,* 853 F.Supp. at 694. Therefore, little weight would be accorded this factor in any event. *See id.;* 17 *Moore's Federal Practice,* § 111.13[1][m], 111–88.

### 2. *Private Interest Factors.*

The private interest factors are comparably inconsequential. Both parties likely maintained their own documentary evidence and, therefore, neither party can claim one forum provides for easier access to the sources of proof. *Lung,* 980 F.Supp. at 1371. Likewise, the expense and difficulty of obtaining witnesses will be similar whether the trial is held in Hawaii or Indiana. Finally, Auto–Owners has not presented any other arguments in favor of transfer.

After carefully weighing the foregoing considerations, the Court finds that a transfer is not in the interests of justice.

### D. *The Motion to Transfer Is Denied.*

The Court has balanced the convenience of the parties, the convenience of the witnesses and the interest of justice, remembering that a transfer must not merely shift the inconvenience to the plaintiff. *Decker,* 805 F.2d at 843; *Icon Indus.,* 921 F.Supp. at 384. The Court finds that none of the factors clearly favor transferring this action to Indiana. *See* 17 *Moore's Federal Practice,* § 111.13[2][a], 111–14 to

111–15. That conclusion, coupled with the presumption in favor of the plaintiff's choice of forum, demonstrates that a transfer is not warranted in this case.

## CONCLUSION

For the foregoing reasons, the Court DENIES Auto–Owners motion to dismiss for lack of personal jurisdiction and improper venue and DENIES Auto–Owners alternative motion to transfer venue.

IT IS SO ORDERED.